■ SHORE HAVEN APARTMENTS NO. 6, INC., Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. In the Matter of FRED C. TRUMP (OCEAN TERRACE), Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. SOUTHAMPTON APARTMENTS, DIVISION OF SHORE HAVEN APARTMENTS NO. 3, INC., Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. — Appeals by petitioners from three judgments (one as to each proceeding) of the Supreme Court, Kings County (Ventiera, R.), each dated October 1, 1980, each of which, in consolidated tax certiorari proceedings, reduced the assessments on the property in question by what petitioners claim was an inadequate amount. Cases remitted to the referee for findings of fact pursuant to CPLR 4213, and appeals held in abeyance in the interim. The referee shall file his report as to the findings with all convenient speed. Each of the properties in question is improved with an apartment building or buildings. In each case, value was determined by capitalizing net income. In each case, the referee, when determining net income, stated that he "afforded significant weight" to actual income and expenses for the tax years in question, but eliminated from his calculation of net income certain items of expenses, including depreciation. The reasonableness of certain other items of actual expenses had been contested by the parties. The referee made his own calculations of those expenses, but did not indicate what those calculations were. Further, in each case, the appraisers for both parties included in their estimates of annual expenses a reserve for equipment, which depreciates faster than buildings, but the referee

did not mention such a reserve as an item of expense (see *Matter of Willow-brook Assoc. v Finance Administrator of City of N. Y.,* 77 AD2d 901). Moreover, when the referee capitalized the income from the properties, he did not distinguish between the land and buildings, and made no apparent provision for a recapture of depreciation on the buildings; thus, we are unable to discern what provision, if any, was made for the recapture of depreciation (cf. *Matter of Zipel Realty Corp. v Finance Admin.,* 69 AD2d 837, 838). Therefore, we must remit to the referee for further findings of fact. In each case, the referee should specify what items of expenses are included in his calculation of net income, and quantify the allowance made for each item of expense. The referee should also state whether allowances were made for depreciation of equipment and depreciation of the buildings, and if such allowances were made, specify what those allowances were. These findings are essential to an intelligent review of the judgments appealed from. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.